IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ZAHOUREK SYSTEMS, INC.

Plaintiff,

v.

CANINE REHABILITATION INSTITUTE, INC.

Defendant.

**VERIFIED PETITION TO COMPEL ARBITRATION UNDER FEDERAL ARBITRATION ACT 9 U.S.C. §4**

COME NOW the Plaintiff, Zahourek Systems, Inc. (hereinafter "Zahourek" or "Plaintiff") through its undersigned attorneys to file this Petition against Canine Rehabilitation Institute, Inc. (hereinafter "Canine" or "Defendant") to compel arbitration of claims asserted in the attached Demand for Arbitration and alternatively to proceed with breach of related claims. As grounds for this Petition, Plaintiff states the following:

**NATURE OF THE ACTION**

1. This is a petition to compel arbitration to proceed on a breach of related terms of an agreement between Plaintiff Zahourek and Defendant Canine. This petition to compel arbitration is an expedited, summary proceeding under the Federal Arbitration Act.

2. Defendant Canine is a party to a contract entitled "Product License Agreement" which involves commerce among the states and as required under the Federal Arbitration Act.

3. Defendant Canine has breached the Product License Agreement and other related claims by, among other things, using inappropriate photographs of Plaintiff's models in a manual

and inappropriate photographs and/or video of Plaintiff's models on Defendant's website. A true and correct copy of Defendant's website is attached as Exhibit A.

4. Plaintiff Zahourek sent a Demand for Arbitration to Defendant Canine. Defendant Canine has failed, neglected, or refused to participate in the arbitration.

5. Plaintiff Zahourek seeks that Defendant Canine to be compelled to arbitration and, alternatively, damages for breach of related violation of rights.

## PARTIES

6. Plaintiff Zahourek is a corporation in good standing organized under the laws of the State of New Jersey, having a principle place of business at 2198 W. 15th Street, Loveland, Colorado, 80538, United States.

7. Upon information and belief, Defendant Canine is a corporation in good standing organized under the laws of the State of Florida, having a principal place of business at 2701 Twin Oaks Way, Wellington, Florida, 33414, United States.

## JURISDICTION AND VENUE

8. Plaintiff Zahourek is a New Jersey corporation that maintains its principal place of business in the State of Colorado.  Defendant Canine is a Florida corporation that maintains its principal place of business in the State of Florida and has presence in Colorado, for example by teaching numerous courses using Zahourek's models in the Introduction to Canine Rehabilitation class beginning, or at least offered, on and after on September 3-8, 2010 in Broomfield, Colorado of which a true and correct copy of the cover page for the manual is attached as Exhibit B.

9. Under the Federal Arbitration Act, 9 U.S.C. §1, the transactions and contract or agreement that is the subject of this petition to compel involve commerce among the several

states (i.e., interstate commerce), and the controversies that are the subject of the action arise out of said transactions and contract or agreement as evidenced in a true and correct copy of the invoices attached as Exhibit C showing Zahourek involving commerce between Colorado and Florida. The agreement is not a "contract of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. §1.

10. Under the Federal Arbitration Act, 9 U.S.C. § 2 this is a "contract evidencing a transaction involving commerce" that includes terms to settle by arbitration a controversy thereafter arising out of such contract. It also involves a "refusal to perform the whole or any part thereof." Under the Federal Arbitration Act, 9 U.S.C. § 2, this contract is to be deemed "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

11. Plaintiff Zahourek is the party aggrieved by the failure, neglect, or refusal of Defendant Canine to arbitrate under the written agreement. Defendant Canine is in default by failure to comply with the arbitration agreement. *See* Federal Arbitration Act, 9 U.S.C. § 4. Accordingly, Plaintiff Zahourek petitions this Court for an order directing that such arbitration proceed in the manner provided for in the agreement. Pursuant to the Federal Arbitration Act, upon service of this formal written application, Defendant Canine has five days to respond. *See Id*.

12. To further support jurisdiction, diversity of citizenship exists between the Plaintiff and Defendant. The amount in controversy exceeds the sum or value of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, which is the minimum required for federal diversity jurisdiction. Save for such agreement, this United States district court, would have

jurisdiction under Title 28, namely 28 U.S.C. § 1332(a)(1), in this civil action of the subject matter arising out of the controversy between the parties. *See Id*.

13. This Court also has personal jurisdiction over Defendant because, upon information and belief, Defendants have purposely availed themselves of the privilege of acting in or causing important consequences in the State of Colorado, or otherwise had continuous and systematic general business contacts with the State of Colorado in such a manner that it would be foreseeable that such activities would result in copyright infringement and unfair competition in Colorado. Further, the exercise of personal jurisdiction over Defendants by this Court is reasonable and consistent with the Federal Due Process Clause. In addition, Defendant has conducted business in Colorado, an example of which is attached as Exhibit B.

14. Venue is proper in this Court according to the Federal Arbitration Act, 9 U.S.C. § 4 which states: "The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order direction such arbitration is filed."

15. Venue is also appropriate for alternative relief because Plaintiff's claims arose in this District and a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this District and Defendants are subject to personal jurisdiction in this District.

16. To further support proper venue, upon information and belief, Defendant Canine has given courses in Colorado, including at least Broomfield, Colorado, for example by teaching courses using Zahourek's models (that are at least a part of the subject of the contract) in the Introduction to Canine Rehabilitation class offered on September 3-8, 2010 in Broomfield,

Colorado of which a true and correct copy of the cover page for the manual is attached as Exhibit B.

## FACTS

17.     Plaintiff has developed a learning system which offers a kinesthetic approach to learning anatomy by applying clay to anatomical models.  This is protected under Agreement rights and various related copyright and trademark rights.  Plaintiff sells various systems and products including related copyrighted canine models under its registered trademark CANIKEN®.

18.     Defendant has purchased multiple products from Plaintiff.

19.     Plaintiff's products are sold with a Product License Agreement attached via incorporation, *See Hugger-Mugger, L.L.C. v. Netsuite, Inc*., 2005 U.S. Dist. LEXIS 33003,  and a statement attached to its products which grants only limited rights to customers to use certain Zahourek trademarks, prohibits photographs and display of photographs of Zahourek's products, and includes an arbitration clause for any controversy or claim arising from the agreement or in any way arising from the relationship or use of Intellectual Property.  A true and correct copy of a Product License Agreement is attached as Exhibit D.

20.     Plaintiff's invoices, a true and correct copy attached as Exhibit C, incorporate a Product License Agreement with the following language:

> Zahourek Systems, Inc. sells products and services only with associated Product License rights.  Before you can purchase the item(s), you must read and accept the terms of the associated Product License found at www.anatomyinclay.com/licenserights.html.  Payment for the items(s) represents that you have read, understood, and accept the Product License terms.

21. Defendant has provided payment pursuant to multiple Plaintiff's invoices including those dated April 23, 2009, April 28, 2009, February 9, 2010, October 15, 2010, November 2, 2010, and February 16, 2011, accepting and re-accepting the terms of the invoice and Product License.  See Exhibit C.

22. Plaintiff provides additional notice of the Product License Agreement by placing a sticker on its products, as shown in Exhibit E, with the following language:

> Use of this product is bound by the terms of the associated Product License with Zahourek Systems, Inc. found at www.anatomyinclay.com/productlicense or contact ZSI at 1-800-950-5025.

23. The Product License includes the following excerpt of the arbitration clause as shown in Exhibit D:

> The validity and interpretation of this Agreement shall be governed by and construed in accordance with Colorado law except as to copyright and other proprietary matters which may be preempted by United States laws and international treaties.  In the event of any violation of this Agreement, Zahourek reserves the right to pursue any state law remedies (including contractual remedies) or remedies under federal laws or both.  The parties agree to exclusively submit any controversy or claim arising hereunder or in any way arising from their relationship or use of Intellectual Property to confidential binding arbitration in Larimer County, Colorado, to the extent permissible under law, before a single attorney having experience in enforcement of trademark and intellectual property rights in a growing business and who will enforce the contract according to its terms.  Such arbitration shall be conducted in accordance with applicable law and the Commercial Arbitration Rules (CAR's) of the American Arbitration Association (AAA) with each applicable law modified for efficiency and: a) to avoid the involvement of the AAA, b) to provide for the minimal amount of discovery and other pre-hearing procedures consistent with a fair resolution of the dispute, and c) to endeavor for the dispute to be resolved within 180 days of the

>arbitrator's appointment unless the arbitrator determines that justice requires otherwise.

24.   Defendant Canine has been provided a copy of the Product License Agreement via a request from Defendant's initial attorney, Mr. Elliot Zimmerman.  A true and correct of the request for a copy of the Product License Agreement from Mr. Zimmerman is attached as Exhibit F.  A copy of a Product License Agreement was sent to Mr. Zimmerman on August 4, 2010 of which a true and correct copy of the correspondence forwarding the Agreement is attached as Exhibit G.

25.   Defendant Canine complied with and also acted in acknowledgement of the agreement.  This is evidenced by, among other aspects, a power point document sent by Defendant Canine, which included the copyright statement, "Zahourek Systems ©" on each of the photographs contained therein as shown in photographs such as beginning on page 4, etc., in the true and correct copy of the power point document attached as Exhibit H.

26.   Plaintiff Zahourek sent a Demand for Arbitration to Defendant Canine on March 25, 2011, a true and correct copy of the letter and demand for arbitration is attached as Exhibit I.

27.   Defendant Canine has complied with and also acted in acknowledgement of the agreement and the arbitration terms therein when it accepted and appointed Mr. David Weinstein as the initial arbitrator.

28.   Defendant Canine via its attorney, Mr. Eugene Friedman thereafter demanded Mr. David Weinstein to recuse himself as the arbitrator arguing partiality with respect to the scheduling of the arbitration and "unseemly chumminess … with Mr. Santangelo" apparently because Mr. Weinstein used a first name in referring to a representative and because delay was

not approved, see the true and correct copy of the attached letter from Mr. Eugene Friedman dated November 2, 2011 as Exhibit J.

29.     While not accepting the alleged impropriety, Plaintiff Zahourek via its attorney, in an effort to maintain efficiency, offered to select a new arbitrator, as shown in the true and correct copy of the correspondence sent to Mr. Eugene Friedman on November 4, 2011, attached as Exhibit K.

30.     Defendant Canine responded to the November 4, 2011 correspondence and stated, "I do not agree that there is an enforceable agreement to arbitrate any dispute that may exist between our respective clients." Exhibit L attached as a true and correct copy of correspondence received from Mr. Eugene Friedman, evidencing this statement.

31.     However, a new arbitrator was not selected. Defendant Canine is in default of the agreement to arbitrate. A true and correct copy of the last correspondence pressing to move forward and sent to Defendant Canine from Plaintiff Zahourek on March 13, 2012 is attached as Exhibit M.

## CAUSE OF ACTION

### (Compel Arbitration)

32.     Defendant has breached its obligations to Zahourek as attached in the Demand for Arbitration in Exhibit I and is in default under the Product License Agreement attached as Exhibit D. The nature of the dispute includes breach of contract and, alternatively, related issues of copyright infringement, unfair competition (multiple basis), misappropriation (multiple basis), deceptive trade practices, misrepresentation, each under various states' laws as applicable, business liability, and individual liability for infringement related activities.

33. In the matter at hand, Defendant Canine through its attorney, Mr. Eugene Friedman has specifically challenged the agreement to arbitrate, as attached in Exhibit L. Thus, this is an item for court resolution under the Federal Arbitration Act. *See* 9 U.S.C. §§ 1, 2, 4; *see also Grosvenor v. Qwest*, Civil Action No. 09-cv-2848-WDM-KMT Order (D.Colo. September 30, 2010)(unpublished order attached as Exhibit N); *see also Rent-A-Center v. Jackson*, 130 S.Ct. 2772, 2278 (June 21, 2010).

34. Defendant Canine has also failed, neglected, or refused to arbitrate under the written Product License Agreement as evidenced by Exhibits J, K, L and M. Thus, this Court is requested to provide an order directing that such arbitration proceed under § 4 of the Federal Arbitration Act. *See* 9 U.S.C. §§ 1, 2, 4.

35. Therefore, Plaintiff files this petition to compel arbitration of the claims asserted in the attached Demand for Arbitration. Pursuant to well settled precedent, Defendant is required to arbitrate these claims.

<u>Standard of Review and Jurisdiction</u>

36. "A motion to compel arbitration based on an arbitration agreement is governed by 9 U.S.C. § 4…." *Jeffrey Urbanic v. The Travelers Insurance Company*, 2011 U.S. Dist. LEXIS 50629 at page 17.[1] The United States Congress, by enacting the Federal Arbitration Act, made clear its intent for arbitration agreements to be enforced as written, and to prevent parties from avoiding their contractual obligations to arbitrate. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S. Ct. 1238 (1985). Arbitration agreements are "valid, irrevocable and

---

[1] The Federal Arbitration Act applies since the arbitration agreement is contained in a "contract evidencing a transaction involving commerce" 9 U.S.C. § 2. Alternatively, if the FAA does not apply, this motion to compel also applies under Colorado law. *See e.g.,* Colorado Uniform Arbitration Act (CUAA) sections 13-22-201 to -230, C.R.S. (2009).

enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In addressing questions of arbitrability, there is a "liberal federal policy favoring arbitration agreements." *Chelsea Family Pharmacy, PLLC v. Medco Health Solutions, Inc.*, 567 F.3d 1191, 1197 (10th Cir. 2009) (quoting *Mitsubishi Motors Corp. v. Solar Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985)).

37. "Under § 4 of the FAA, the Court is required to make a summary determination of the existence of an agreement to arbitrate." *Bernal v. Burnett*, Defendants' Motion to Compel Individual Arbitration and Supporting Memorandum of Law, Case No. 1:10-cv-01917-PAB, US DC for Dist of Colo. 8/24/10. "A motion to compel arbitration under the Federal Arbitration Act is governed by a standard similar to that governing motions for summary judgment." *Grosvenor v. Qwest*, Civil Action No. 09-cv-2848-WDM-KMT Order (09/30/10) at page 8 citing *Stein v. Burt-Kuni One*, LLC, 396 F. Supp. 2d 1211, 1213 (D. Colo. 2005) (citing *SmartText Corp. v. Interland, Inc.*, 296 F. Supp.2d 1257, 1262 (D. Kan. 2003)). "This Court has previously held that when the dispute involves the formation of the arbitration agreement itself, courts apply 'a standard similar to that governing motions for summary judgment.'" *Jeffrey Urbanic v. The Travelers Insurance Company*, 2011 U.S. Dist. LEXIS 50629 at page 17 citing *Stein v. Burt-Kuni One*, LLC, 396 F. Supp. 2d 1211, 1213 (D. Colo. 2005) (citing *SmartText Corp. v. Interland, Inc.*, 296 F. Supp.2d 1257, 1262 (D. Kan. 2003)). The proceeding requested is an expedited proceeding, because under § 4 of the Federal Arbitration Act, Defendant has only five days to respond to this petition. The underlying contract is presumed valid because § 2 of the Federal Arbitration Act states: "… a contract evidencing a transaction involving commerce to

settle by arbitration … shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract". 9 U.S.C. §2.

38.  Consistent with the objectives of the Federal Arbitration Act, courts are required to resolve any doubts concerning the scope of an arbitration clause in favor of arbitration. *See e.g., Mitsubishi Motors*, 473 U.S. at 626; *Moses H. Cone*, 460 U.S. at 24-25; *Chelsea*, 567 F.3d at 1201 ("We are told by the Supreme Court, again categorically, that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'") (Gorsuch, J., concurring) (quoting *Moses Cone*, 460 U.S. at 24-25). "Thus, as with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." *Mitsubishi Motors*, 473 U.S. at 626. The Supreme Court has described Section 2 "as reflecting both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility, Inc. v. Concepcion*, 131 S. Ct. 1740, 1742 (2011) (internal quotations and citations omitted) citing *Rent-A-Center v. Jackson*, 130 S.Ct. 2772, 2278 (June 21, 2010).

39.  The Defendant has specifically challenged the validity of an agreement to submit disputes over the agreement to arbitrate. This Court has jurisdiction to address this petition. *See Grosvenor v. Qwest*, Civil Action No. 09-cv-2848-WDM-KMT Order (09/30/10); *see also Rent-A-Center v. Jackson*, 130 S.Ct. 2772, 2278 (June 21, 2010).

40.  The existence of an agreement to arbitrate is established. The Tenth Circuit relies on state law principles of contract formation to determine the existence of an agreement to arbitrate an issue or claim. *See Jeffrey Urbanic v. The Travelers Insurance Company,* 2011 U.S.

Dist. LEXIS 50629 at page 18 citing *Avedon Eng'g, Inc.*, 126 F.3d at 1287. An agreement such as the present one was accepted under such standards for Colorado in *Grosvenor, supra.* citing *Hugger-Mugger L.L.C. v. Netsuite, Inc.*, 2005 WL 2206128 (D. Utah 2005). Colorado Courts have stated that where a License Agreement expressly incorporated by reference certain "Terms of Service," which were posted online, such terms are valid, enforceable, and binding. S*ee Grosvenor v. Qwest*, Civil Action No. 09-cv-2848-WDM-KMT Order (09/30/10) at page 15.

41. Plaintiff has a valid and enforceable arbitration agreement with Defendant. Plaintiff's contract terms were presented in an invoice which referenced the Product License. See Exhibit C. Defendant accepted Plaintiff's offer with its conduct, including but not limited to that of providing payment for the invoice. Defendant's consideration is the payment of the invoice to Plaintiff and Plaintiff's consideration is the product which was shipped to Defendant and the grant of certain limited rights to use certain Zahourek products, certain copyrights, and certain trademarks.

42. Defendant accepted the terms of the invoice including the Product License Agreement each time Defendant additionally purchased products from Plaintiff. Thus, upon information and belief, Defendant has received seven notices of the Product License Agreement in the various invoices as shown in Exhibit C.

43. In addition, Plaintiff provides additional notice of the Product License Agreement to Defendant and other customers by including notice via a sticker on the product itself. *See* Exhibit E.

44. Even after Defendant was affirmatively advised of the license agreement, Defendant continued to purchase and use items. See Exhibit G and pages 4-7 of Exhibit C

(showing that Defendant was provided a copy of the Product License Agreement on August 4, 2010 and Defendant purchased items thereafter on October 10, 2010, November 2, 2010, and February 16, 2011.)

45. Defendant had the duty to read the terms of the contract and will be held accountable for the terms of the contract it admittedly accepted. *See, e.g.*, *Flight Concepts Ltd. P'ship v. Boeing Co., 38 F.3d 1152, 1157 (10th Cir. 1994)* ("A party cannot void a contract by claiming to be ignorant of its contents."); *B & B Livery, Inc. v. Riehl, 960 P.2d 134, 138 (Colo. 1998)* (It is well settled that one who signs a contract without reading it is barred from claiming he or she is not bound by its terms.); *Hugger-Mugger, L.L.C. v. Netsuite, Inc.*, 2005 U.S. Dist. LEXIS 33003 at 17 citing *Flight Concepts Ltd. P'ship v. Boeing Co.*, 38 F.3d 1152, 1157 (10th Cir. 1994) ("A party cannot void a contract by claiming to be ignorant of its contents.")

46. Courts have found web-based terms of a sale legally enforceable. Courts, including this Court, have accepted online terms and conditions when incorporated by reference into numerous forms of commercial agreements. *See e.g., Grosvenor, supra*, citing *Hugger-Mugger LLC v. Netsuite, Inc.*, 2005 U.S. Dist. LEXIS 33003, 2005 WL 2206128 (D. Utah 2005) (the License Agreement expressly incorporated by reference certain "Terms of Service" which were posted online); *Oceanconnect.com v. Chemoil Corporation*, 2008 U.S. Dist. LEXIS 4688 (online terms including arbitration clause enforced); *International Star Registry of Illinois v. Omnipoint Marketing, LLC*, No. 05 C 6923, 2006 US Dist. LEXIS 68420 (N.D. Ill. Sept. 6, 2006) (enforcing a forum selection clause where invoices gave notice of web-based terms); *In re National Steel Corp.*, 316 B.R. 287, 294 (Bankr. N.D. Ill. 2004) ("It is undisputed that the Price

Proposal, Purchase Order and Terms and Conditions [available on the buyer's website] created a contract ... between the parties.")

47.     In evaluating whether online terms and conditions are enforceable, courts have generally focused on adequate notice of those terms.  "A document is incorporated by reference into a contract if the contract describes the document and expresses the parties' intent to be bound by its terms" and if the language providing for incorporation is "clear and specific." *International Star Registry of Illinois v. Omnipoint Marketing, LLC*, No. 05 C 6923, 2006 US Dist. LEXIS 68420 (N.D. Ill. Sept. 6, 2006.

48.     Plaintiff provides a statement at the bottom of its invoices which states that the Product License must be read and accepted before the item can be purchased and that payment for the item(s) represents that they have read, understood, and accept the Product License terms. *See* Exhibit C.  This language is a clear and specific expression of the intention to be bound by the incorporated document evidencing an intention by the parties to incorporate the terms of the Product License.

49.     Each time Defendant received an invoice, they were notified of the Product License.  In addition, Defendant was notified of the Product License via the sticker notice placed on the products.  Thus, adequate notice to Defendant was provided and payment of the invoices provides affirmative assent of the terms of the invoice including the Product License terms.

50.     In addition, the Product License was easily available to Defendant as Defendant had access to the online terms as expressly stated on the invoice and sticker.  Moreover, the language in the invoice clearly and unequivocally refers to, identifies, and incorporates by

reference the Product License.  Defendant even purchased additional products and repeatedly accepted the Product License after it had been provided a separate copy of these exact terms.

51.     Therefore, Plaintiff has shown with sufficient verified evidence that an enforceable contract to arbitrate exists.

52.     Defendants also cannot dispute that the purported claim falls within the scope of the arbitration clause.  There are no doubts here, as the arbitration agreement broadly encompass that any controversy or claim arising hereunder or in any way arising from their relationship or use of Intellectual Property shall be submitted to binding arbitration under the terms of the clause.  See Exhibit D.

53.     Accordingly, the Court should summarily compel the Defendants to arbitration.

54.     The reversal of position to now currently refuse to arbitrate is unjustified and improper. The Product License provides that a "prevailing party may be entitled to recover reasonable attorney fees and costs incurred…." See Exhibit D.   The Plaintiff should be awarded its full attorney fees and all costs to compel this arbitration.

55.     Alternatively, the Court should proceed with breach of contract and violation of rights including but not limited to breach of contract and violation of related rights and clauses including but not limited to copyright, unfair competition, and misappropriation.

### **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests judgment as follows:

1.      A determination that a valid agreement exists, including an agreement to arbitrate.

2.      That Defendant be compelled to arbitration over the issues.

3. That this Court appoint an arbitrator pursuant to § 5 of the Federal Arbitration Act.

4. Alternatively, to enforce the agreement.

5. Alternatively, to enforce Plaintiff's rights.

6. Attorney's fees, costs, and other relief caused by the wrongful refusal to arbitrate.

7. Such other relief as may be requested or is appropriate.

DATED this 12th day of April, 2012.

> Respectfully submitted,
> **SANTANGELO LAW OFFICES**
> By: s/ Luke Santangelo_____
> LUKE SANTANGELO
> 125 S. Howes Street, 3rd Floor
> Fort Collins, CO   80521
> Telephone:  (970) 224-3100
> Email: LSantangelo@ideaassetgroup.com
> Facsimile (970) 224-3175
> Attorney for Plaintiff

VERIFICATION

I, Valeria Zahourek, as CEO of Zahourek Systems, Inc. having been duly sworn depose and state that I have read the foregoing Verified Petition to Compel Arbitration Under Federal Arbitration Act 9 U.S.C. §4, and that the information stated therein as factual is true, and those factual matters which are stated upon information and belief are believed to be true.


/S/Valaria Zahourek                                          April 12, 2012
Valeria Zahourek, CEO                                        Date
Zahourek Systems, Inc.

UNITED STATES OF AMERICA   )
STATE OF COLORADO          )ss.
COUNTY OF LARIMER          )

    SUBSCRIBED AND SWORN to before me in the County of Larimer, State of Colorado, United States of America, by Valeria Zahourek, as CEO of Zahourek Systems, Inc., this  12th  day of April, 2012.

    WITNESS my hand and official seal pursuant to the authority vested in me as a Notary Public by the State of Colorado.

                                            /S/Matthew Parra
                                            Notary Public
                                            My Commission Expires:  01/12/2016
                                            NMLS ID 771603