IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 12-cv-00978-LTB

ZAHOUREK SYSTEMS, INC.,

    Plaintiff/Counterclaim Defendant,

v.

CANINE REHABILITATION INSTITUTE, INC.,

    Defendant/Counterclaim Plaintiff/Third-Party Plaintiff,

v.

JON ZAHOUREK,

    Third-Party Defendant.

___

ORDER
___

This case is before me on Third- Party Defendant Jon Zahourek's Motion to Dismiss [Doc # 17]. Plaintiff Zahourek Systems, Inc. ("Zahourek Systems") has joined in Mr. Zahourek's motion. *See* Doc # 20. After consideration of the motion, all related pleadings, and the case file, I grant Mr. Zahourek's motion to dismiss.

**I. Background**

Plaintiff commenced this action with the filing of its Verified Petition to Compel Arbitration under Federal Arbitration Act ("FAA") 9 U.S.C. § 4 [Doc #1]. By the Petition, Zahourek Systems seeks to compel arbitration of its claims against Defendant Canine Rehabilitation Institute Inc. ("Canine") relating to Canine's use of photographs and video of an anatomical canine model sold and copyrighted under the trademark name Caniken pursuant to an

arbitration clause in a "Product License Agreement" (the "Agreement"). Zahourek Systems characterizes the nature of this its dispute with Canine to include "breach of contract and, alternatively, related issues of copyright infringement, unfair competition (multiple basis), misappropriation (multiple basis), deceptive trade practices, misrepresentation, each under various states' laws as applicable, business liability, and individual liability for infringement related activities." Petition, ¶ 32.

In answering Zahourek Systems' Petition, Canine named Mr. Zahourek as a third-party defendant and asserted four claims against Zahourek Systems and Mr. Zahourek based on allegations that various defects negate any copyright protection for the Caniken model and that it has an implied license to use the Caniken model as it did. Canine added Mr. Zahourek as a party based on his apparent status as the registered owner of the relevant copyright.

Mr. Zahourek argues that Canine's joinder of him in this case is improper and that the third-party claims against him should therefore be dismissed.

## II. Analysis

Mr. Zahourek argues that Canine's joinder of him in this case must fail because it does not satisfy the requirements of either Fed. R. Civ. P. 14, 19, or 20. Canine does not argue that its joinder of Mr Zahourek is authorized under Rules 14 or 20. Thus, I limit my analysis to whether Canine's joinder of Mr. Zahourek as a third-party defendant is proper under Rule 19.

Rule 19(a)(1) requires the joinder of a party if

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

>    (1) as a practical matter impair or impede the person's ability to protect the interest; or
>
>    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Under Rule 19(a)(1)(A), "[t]he focus is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *LLC Corp. v. Pension Benefit Guar. Corp.,* 703 F.2d 301, 305 (8th Cir. 1983).  Here, the relief requested is the enforcement of the arbitration clause in the Agreement.  While the underlying dispute may involve issues of copyright related to those Canine raises in its third-party claims, these issues are not before me under the current framework of the case.  Thus, the joinder of Mr. Zahourek, a nonparty to the Agreement, is not necessary to grant complete relief, *ie.* an order compelling Zahourek Systems and Canine to arbitrate their dispute.  *See Doctor's Assocs., Inc. v. Distajo,* 66 F.3d 438, 446 (2d Cir. 1995) (in case to compel arbitration under the FAA, district court can grant all the relief sought - an order compelling arbitration - regardless of whether all parties to the underlying dispute are present).

For purposes of Rule 19(a)(1)(B)(ii), there is presently no other pending or threatened federal or state court case that could subject Canine to double, multiple, or inconsistent obligations.  Canine's fear that Mr. Zahourek may later pursue litigation against it if Zahourek Systems does not prevail in a compelled arbitration is speculative and does not constitute a "substantial risk" that Canine will face double, multiple, or inconsistent obligations sufficient to overcome the FAA's strong bias in favor of arbitration.  *See ARW Exploration Corp. v. Aguirre,* 45 F.3d 1455, 1462 (10th Cir. 1995) ("[FAA] ... evinces a strong federal policy in favor of arbitration.").  This is not to say that it is a foregone conclusion that arbitration is appropriate in

this case but merely that this issue should be decided in the absence of third-parties not subject to the agreement to arbitrate.

## IV.  Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Third- Party Defendant Jon Zahourek's Motion to Dismiss [Doc # 17] is GRANTED; and

2.  Defendant Canine Rehabilitation Institute, Inc.'s claims against Mr. Zahourek are DISMISSED WITHOUT PREJUDICE for improper joinder.


Dated: November   27   , 2012 in Denver, Colorado.

                                          BY THE COURT:

                                            s/Lewis T. Babcock
                                          LEWIS T. BABCOCK, JUDGE