IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 12-cv-00978-LTB

ZAHOUREK SYSTEMS, INC.,

    Plaintiff/Counterclaim Defendant,

v.

CANINE REHABILITATION INSTITUTE, INC.,

    Defendant/Counterclaim Plaintiff.

___

ORDER
___

This case is before me on Plaintiff Zahourek Systems, Inc.'s ("Zahourek") Verified Petition to Compel Arbitration under Federal Arbitration Act 9 U.S.C. § 4 (the "FAA") [Doc # 1]. After consideration of the Petition, all related pleadings, and the case file, I grant Zahourek's Petition in part and deny it in part as set forth below.

**I. Background**

By the Petition, Zahourek seeks to compel arbitration of its claims against Defendant Canine Rehabilitation Institute Inc. ("Canine") relating to Canine's use of photographs and video of an anatomical canine model sold and copyrighted under the trademark name Caniken. Zahourek characterizes the nature of this its dispute with Canine to include "breach of contract and, alternatively, related issues of copyright infringement, unfair competition (multiple basis), misappropriation (multiple basis), deceptive trade practices, misrepresentation, each under

various states' laws as applicable, business liability, and individual liability for infringement related activities." *See* Petition, ¶ 32.

Zahourek asserts that arbitration of the claims in this case is mandated by its "Product License Agreement" which provides:

> 1. The following is a legal agreement between You (the purchasing person or entity as specified in the applicable Zahourek sales documentation) and [Zahourek] which governs the use of the appropriate trademarks, copyrights, and other proprietary rights as listed on www.anatomyinclay.com/intellectualproperty as may be updated form time to time related to Zahourek's various products and services for sculpturally based learning models and systems (collectively the "Intellectual Property"). By purchasing or using any of Zahourek's products and services, you accept the terms of this Agreement as a legally binding document without any other conditions or declarations. If you do not agree with these terms, You cannot purchase or use the products and your purchase price will be refunded less repackaging costs.
>
> ...
>
> 12. ... The parties agree to exclusively submit any controversy or claim arising hereunder or in any way arising from their relationship or use of Intellectual Property to confidential binding arbitration in Larimer County, Colorado, to the extent permissible under law, before a single attorney having experience in enforcement of trademark and intellectual property rights in a growing business and who will enforce the contract according to its terms. ....

The current list of Zahourek trademarks on the web address referenced in paragraph 1 of the Product License Agreement includes the Caniken model though Canine asserts that this was not the case as of March 28, 2011.

In connection with the sale of its products, Zahourek asserts that it provides its customers with Quote, Sales Order, and Invoice documentation. All of this documentation contains the following language:

> [Zahourek] sells products and services only with associated Product License rights. Before you can purchase the item(s), you must read and accept the terms

for the associated product license found at
www.anatomyinclay.com/licenserights.html.  Payment for the item(s) represents
that you have read, understood, and accept the Product License terms.

At the web address referenced in the sales documentation is a prominent statement to "CLICK HERE TO VIEW PRODUCT LICENSE."  Clicking on this link brings up a copy of the Product License Agreement.

At the time Canine received the Invoice documentation, it had already paid for the listed items.  As part of its routine business practices, however, Zahourek asserts that its customers are provided with the Quote and Sales Order documentation prior to any payment or product shipment.  Zahourek asserts that this routine practice was followed in connection with Canine's purchase of its products and provides supporting evidence consisting of emails and Quote and Sales Order documentation for particular sales transactions between Zahourek and Canine.  Zahourek also provides evidence that a copy of the Product License Agreement was provided to counsel for Canine in 2010 and that Canine continued to purchase products from Zahourek after this date.

As part of its routine business practices, Zahourek also asserts that it places a sticker on all of its products which states:

Use of this product is bound by the terms of the associated Product License with [Zahourek] found at www.anatomyinclay.com/productlicense or contact [Zahourek] at 1-800-950-5025.

In its Answer to Zahourek's Petition, Canine denies that there is an enforceable agreement to arbitrate any dispute between Zahourek and Canine.  *See* Answer, ¶¶ 31, 32 & 34.  In particular, Canine argues that Zahourek's Invoice documentation cannot give rise to such an agreement since it had already paid for the listed items at the time it received this documentation

and generally denies that the products it purchased were affixed with a sticker referencing the Product License Agreement.  *See* Answer, ¶¶ 22; Affirmative Defenses, ¶¶ 1-20.

## II.  Analysis

Canine's position that there is no enforceable agreement to arbitrate any dispute between Zahourek and Canine is primarily predicated on the fact that it had already paid Zahourek at the time it received the Invoice documentation referencing the "Product License."  As a result, Canine argues that its payment to Zahourek does not reflect its acceptance of the arbitration provision in the Product License Agreement.  This argument does not apply, however, to the Quote and Sales Order documentation that Zahourek attached to its Verified Reply to Canine's Answer.  The question before me then is whether the Quote and Sales Order documentation created an enforceable agreement to arbitrate under the terms of the Product License Agreement.

Although there is a presumption favoring arbitration when the scope of an arbitration agreement is in dispute, this presumption does not come into play when, as here, there is a dispute as to the existence of a valid and enforceable arbitration agreement in the first instance. *Dumais v. Am. Golf Corp.,* 299 F.3d 1216, 1220 (10th Cir. 2002).  The party seeking to compel arbitration bears the burden of presenting evidence sufficient to demonstrate the existence of an enforceable arbitration agreement.  *Vernon v. Qwest Commc'ns Int'l,* 857 F. Supp.2d 1135, 1148 (D. Colo. 2012).  If this burden is met, the burden then shifts to the opposing party to raise a genuine issue of material fact as to the making of the agreement, using evidence comparable to that used in the summary judgment context.  *Id.*  Arbitration should be compelled if there is no genuine issue of fact concerning the formation of the agreement to arbitrate.  *Id.*

The determination of whether there is an agreement to arbitrate is made in reliance on state law principles of contract formation. *Avedon Eng'g, Inc. V. Seatex,* 126 F.3d 1279, 1287 (10th Cir. 1997). Under Colorado law, "[a] contract is formed when an offer is made and accepted ... and the agreement is supported by consideration. ... Acceptance of an offer is generally defined as words or conduct that, when objectively viewed, manifests an intent to accept an offer." *Marquardt v. Perry,* 200 P.3d 1126, 1129 (Colo. App. 2008) (citations omitted). Furthermore, "for an incorporation by reference to be effective, it must be clear that the parties to the agreement had knowledge of and assented to the incorporated terms." *Taubman Cherry Creek Shopping Center, LLC v. Neiman- Marcus Group, Inc.,* 251 P.3d 1091, 1095 (Colo. App. 2010).

In this case, Canine received notice of the Product License Agreement through multiple communications from Zahourek. Although Zahourek's Quote and Sales Order documentation references its "Product License," clicking on the provided web address's prominent link to the "Product License" results in the display of the Product License Agreement. Moreover, a copy of the Product License Agreement was provided to Canine's counsel at his request. These communications provided Canine with sufficient notice of the Product License Agreement regardless of whether the products Canine purchased from Zahourek also included a sticker referencing this Agreement.

By continuing to purchase and pay for Caniken models from Zahourek after receiving sufficient notice of the Product License Agreement, I conclude that Canine assented to the terms of the Product License Agreement including its arbitration provision. I further conclude that Canine had ample notice that the Caniken models it purchased from Zahourek were subject to

the Product License Agreement based on the language of the Quote and Sales Order documentation notwithstanding Canine's assertion that this model was not listed on the website referenced in the Product License Agreement on a particular date. The claims in this case shall therefore be submitted to arbitration.

As additional relief, Zahourek requests attorney fees and the appointment of an arbitrator. Zahourek's request for attorney fees is predicated on paragraph 12 of the Product License Agreement which, after outlining the governing arbitration procedures, states that "[t]he prevailing party may be entitled to recover reasonable attorney fees and costs incurred in such arbitration." It is ambiguous whether this provision encompasses an award of attorney fees outside of the arbitration context. In any event, the provision's use of the term "may" renders such an award discretionary. Zahourek did not present the evidence on which I base my conclusion that the claims in this case are subject to arbitration until it replied to Canine's Answer, Affirmative Defenses, and Counterclaims. Prior to the presentation of this evidence, Canine's position that there was no enforceable agreement to arbitrate was plausible. Under these circumstances, I decline to award Zahourek the attorney fees it incurred in connection with its Petition.

In the pleadings in this case, the parties make various assertions about their attempts to find a suitable arbitrator. Now that the arbitration question has been settled, the parties should renew their efforts to agree on an arbitrator. Should the parties be unable to do so within 15 days of the date of this Order, Zahourek may renew its request that I appoint an arbitrator. Any such request and responsive pleadings should identify arbitrators acceptable to the parties and efforts made by the parties to resolve this issue.

## IV.  Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Zahourek's Verified Petition to Compel Arbitration under the FAA [Doc # 1] is GRANTED IN PART and DENIED IN PART;

2.  The claims in this case shall be submitted to arbitration as provided for in the Product License Agreement;

3.  Zahourek's request for attorney fees is DENIED; and

4.  Zahourek may renew its request that the Court appoint an arbitrator if the parties are unable to agree on one within 15 days of the date of this Order.


Dated: June    14   , 2013 in Denver, Colorado.


                 BY THE COURT:


                    s/Lewis T. Babcock
                 LEWIS T. BABCOCK, JUDGE